**PUA'ILIU SOLOMONA, LUA'ITAUA VILI SEUMANU, and LIUTOA LINO SEUMANU for themselves and on behalf of certain members of the Mulitauaopele Family of Lauli'i, American Samoa, Plaintiffs**

**v.**

**AGI GROSHE, Acting Territorial Registrar, American Samoa Government, and LEI'ATAUA PETER AH CHING, Defendants**

**Registration of the Matai Title "Mulitauaopele" of the Village of Lauli'i**

High Court of American Samoa
Land and Titles Division

MT No. 4-94

June 18, 1996

Before RICHMOND, Associate Justice, and TAUANU`U, Chief Associate Judge.

Counsel: For Plaintiffs, Togiola T.A. Tulafono
 For Defendant Agi Groshe, Henry W. Kappel, Assistant Attorney General
 For Defendant Lei`ataua Peter Ah Ching, Tuana`itau F. Tuia

Order Denying Motion to Stay Judgment:

## CURRENT JUDGMENT EVENTS

On February 6, 1996, the court voided and set aside the registration by Groshe, as the Territorial Registrar, of the matai title Mulitauaopele in Ah Ching's name, returned the process of selecting a successor to the title to the family for further deliberations, and declared Ah Ching ineligible to hold the title. The Clerk of the Court entered the opinion and order on the same day.

Groshe and Ah Ching filed separate and timely motions for reconsideration or new trial. The Court regularly heard these motions on March 25, 1996, and denied them on April 3, 1996. Groshe and Ah Ching then filed separate and timely notices of appeal.

On June 4, 1996, Ah Ching moved to stay enforcement of the judgment pending appeal, without bond, and requested an expedited hearing. The court granted the expedited hearing and regularly heard the motion on June 7, 1996. Groshe joined in the motion at the hearing. Ah Ching, his counsel, and Groshe's counsel were present. Plaintiffs and their counsel were not present.

## DISCUSSION

Procedurally, an appellant should ordinarily first seek a stay of judgment in the trial court. A.C.R. 8(a). Ah Ching, joined by Groshe, have correctly followed this rule. Thus, we will substantively act on and, for the reasons stated below, deny their motion.

Statutory guidance is found in A.S.C.A. § 43.0803 as follows:

> Pending the hearing and determination of an appeal, execution of the final judgment or order of the High Court shall not be stayed unless the appellate, trial, or land and titles division, or Chief Justice, orders stay for cause shown and upon such terms as it or he may fix.

The trial court may in its discretion grant or deny such motions. *See* T.C.R.C.P. 62(b), (d).

The standard for deciding whether to stay a non-monetary judgment takes into account two principal factors: (1) the likelihood of success on appeal,

and (2) the balance between the hardships that (a) the party losing at trial, should he prevail on appeal, may suffer before the appeal is decided if a stay is denied, and (b) the party who prevailed at trial may sustain if a stay is granted. *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 12-13 (App. Div. 1990); *In re Matai Title Mulitauaopele*, 17 A.S.R.2d 71, 73 (Land & Titles Div. 1990); *Asifoa v. Lualemana*, 17 A.S.R.2d 100, 102 (App. Div. 1990). The impact of a stay on the public interest may also come into play. *Asifoa*, 17 A.S.R.2d at 102.

## Success on Appeal

We assess the likelihood that either Groshe or Ah Ching will prevail on appeal as improbable.

We held that Groshe improperly acted when she followed the Attorney General's advice to register the title in Ah Ching's name, which was based on the only other remaining contender's death, and effectively deprived by default the decedent's supporters from promoting another qualified person in the family.

■ We also found that although his mother was a U.S. National, Ah Ching was disqualified by reason of his birth in Western Samoa of parents who then had permanent residential ties to that foreign country. *See* A.S.C.A. § 1.0403(b). Ah Ching, supported by Groshe, raised but did not truly develop constitutional issues regarding this finding. However, the Appellate Division has already ruled that those issues as asserted are without merit. *In re Matai Title I`aulualo*, 29 A.S.R.2d 131 (Appellate Div. 1995).

■ The issues on appeal will essentially deal with questions of law. A judgment is commonly stayed when the trial court either has applied novel legal principles to situations in which the correct decision may be a close question or has applied settled legal law to situations about which reasonable persons can differ. *Asifoa*, 17 A.S.R. at 12. In this case, we do not think that our decision comes within either of these or similar characterizations.

## Balance of Hardships

The balance of hardships, or equities, presently favors plaintiffs.

■ The usual appeal in a matai title case is fact-oriented and, given the clearly erroneous standard applicable to preponderance of evidence issues,

65

A.S.C.A. § 43.0801(b), is unlikely to result in reversal. *Asifoa*, 17 A.S.R.2d at 102; *In re Matai Title Mulitauaopele*, 17 A.S.R.2d at 73, 74. However, a stay is often the better option, as time tends to heal family divisions inevitably existing when the court is called upon to select a successor matai. *See* discussion in *In re Matai Title Mulitauaopele*, 17 A.S.R.2d at 73.

■ This case, however, is atypical in material respects. Groshe is involved as a public official, not as a title claimant or objector. She may be somewhat embarrassed but certainly not incurably hurt, without a stay, should she win her appeal.

Ah Ching will be perpetually harmed, without a stay, if the successor to this title is selected while the appeal is pending and the trial court decision is eventually overturned. However, he is not imminently threatened with that long-term harm.

Plaintiffs, and more significantly the extended Mulitauaopele family, will be effectively deprived of meaningful participation in deliberations that could lead to a consensus selection of the next titleholder before the decision on appeal, if a stay is granted. Ah Ching asserts, and Groshe in her official capacity confirms as a matter of public record, that plaintiff Liutoa Lino Seumanu has offered to register the title in his name over objection.[1] Time will tell whether this turn of events eliminates the possibility of a consensus selection and embroil the family in another round of time-consuming and expensive legal proceedings. However, the family will continue to deliberate, within or without the forthcoming dispute resolutions process formally before the Secretary of Samoan Affairs, pursuant to A.S.C.A. § 43.0302. Ah Ching can participate either directly or through representatives in these ongoing negotiations. This process will probably consume much, if not all, of the period of appeal before a title successor is selected.

_____

[1] Ah Ching's claim is unverified. We point out that if the facts relied upon for a stay are subject to dispute, the motion must be supported by an affidavit or other sworn statement. A.C.R. 8(a). But for the public records at the Territorial Registrar's Office, which we ascertained only on our own initiative, Ah Ching's factual contentions regarding the new registration offer and objection would certainly be disputable.

On balance, we think that the importance of continuing family deliberations on the successor to the title, free of the requested stay, presently outweighs the harm to Ah Ching and certainly to Groshe.

*Public Interest*

Public interest in the preservation and integrity of the matai system is a factor in this case. *See* Cession of Tutuila and Aunu`u (April 17, 1900); Cession of Manu`a Islands (July 16, 1904); Rev. Const. Am. Sam. art. I, § 3 (July 1, 1967). The courts must be ever protective of the Samoan way of life.

However, the courts have recently had occasion to consider the matai qualification statute, A.S.C.A. § 1.0403(b), challenged by Ah Ching in several other cases and have made it abundantly clear that only the Legislature of American Samoa can properly undertake any reform of the statute. *See In re Matai Title I`aulualo*, 25 A.S.R.2d 116 (Land & Titles Div. 1994), aff'd 29 A.S.R.2d 131 (App. Div. 1995); *In re Matai Title Patea*, 25 A.S.R.2d 139 (Land & Titles Div. 1994). The Legislature must be equally alert to assure it enacts laws that are not violative of the matai system.

## ORDER

The motion to stay the judgment is denied.

It is so ordered.